506 A.2d 1004

James N. Robertson, Recorder of Deeds of Delaware County, Pennsylvania, Petitioner v. Commonwealth of Pennsylvania, Department of Revenue, Respondent.

Submitted on briefs December 9, 1985, to Judges ROGERS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*James E. Del Bello,* Assistant County Solicitor, for petitioner.

*Kathleen Krise Shaulis,* Assistant Counsel, with her, *George T. Bell,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, March 25, 1986:

This action for a declaratory judgment, brought by James N. Robertson, Recorder of Deeds of Delaware County (Petitioner) against the Commonwealth, Department of Revenue (Department), is addressed to this Court's original jurisdiction. The parties have stipulated to the following facts:

1. The Petitioner, James N. Robertson was the Recorder of Deeds for Delaware County, Pennsylvania, a position which he had held during all times pertinent hereto.

2. The duties of the Petitioner as Recorder of Deeds included collecting taxes assessed on realty transfers in Delaware County, Pennsylvania.

3. Prior to July 1, 1976, the effective date of Act 283 (72 P.S. Sec. 901.1), the Petitioner, in his capacity as Recorder of Deeds, placed the monies collected from said realty transfer taxes in an interest bearing account at a federally insured bank.

4. The monies presently at issue before this Court represent the interest which accrued prior to July 1, 1976 on the realty transfer taxes

which were collected during the period from November 30, 1975 to July 1, 1976.

5. The question to be resolved is whether the monies at issue belong to the County of Delaware or the Commonwealth of Pennsylvania.

6. 'The Report of Audit of the Realty Transfer Tax Stamp Account of James N. Robertson, Recorder of Deeds, Delaware County, for the Period January 5, 1976 to January 2, 1977, Inclusive,' reveals a deficiency of $5,972.23, this amount representing the interest in question.

7. The Commonwealth of Pennsylvania, Department of Revenue, issued a resettlement statement based on the Report of the Auditor General.

8. The amount in question was placed in an interest-bearing account by the Recorder of Deeds of Delaware County upon commencement of this action.

9. The parties agree that whoever prevails in this action should receive not only the amount in question but also the interest that the money has earned since its deposit.

As stated in the stipulation, the issue which we must resolve is whether Delaware County or the Commonwealth is entitled to receive the interest earned on money collected by the Petitioner, prior to July 1, 1976, in payment for state real estate transfer taxes. We conclude that the Commonwealth is entitled to the interest.

Section 613 of the Fiscal Code[1] provides:
Recorders of deeds shall continue to be agents of the Commonwealth for the collection of the fees or taxes payable to the Commonwealth upon the recording of deeds, mortgages, and other instru-

---

[1] Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §613.

154

ments in writing, and upon commissions of public officers, as provided by law, but they shall make their returns to the Department of Revenue, and pay the amounts collected into the State Treasury, through the Department of Revenue, as provided in this act.

During the period here in question, the recorders of deeds were required to make returns to the Department pursuant to Section 901 of the Fiscal Code, which provided that all county officers make monthly returns of all money received for the use of the Commonwealth and "pay the same into the State Treasury, through the Department of Revenue, *less any compensation and reimbursement for expenses allowable by law* for having made the collections."[2]

Section 5 of The Realty Transfer Tax Act,[3] as it was in effect during the time period in question, provided, in pertinent part:

The department shall prescribe, prepare and furnish stamps to each recorder of deeds, of such denominations and quantities as may be necessary for the payment of the tax imposed and assessed by this act.

---

[2] Act of April 9, 1929, P.L. 343, *as amended by* the Act of July 17, 1959, P.L. 537, 72 P.S. §901.

Section 901 of the Fiscal Code was again amended by the Act of December 3, 1976, P.L. 1274, 72 P.S. §§901 and 901.1 and now specifically provides, effective July 1, 1976, that the interest on money collected by city and county officers on behalf of the Commonwealth shall be transmitted to the Commonwealth, Department of Revenue.

The interest at issue in the case at bar, however, was received by Petitioner prior to the effective date of the 1976 amendment.

[3] Act of December 27, 1951, P.L. 1742, *as amended,* formerly 72 P.S. §3287, *as amended by* the Act of November 25, 1970, P.L. 767, No. 253, §1, repealed by the Act of May 5, 1981, P.L. 36, No. 14, §4, 72 P.S. §8106-C.

The department shall allow each county a commission equal to one per cent of the face value of the stamps or two hundred fifty dollars ($250) whichever is greater. The recorder of deeds shall pay the commission herein allowed to the general fund of the county....

Thus, we see that the legislature has provided a statutory scheme whereby the recorders of deeds of the various counties: serve as agents of the Commonwealth for the collection of the real estate transfer tax; remit the money so collected, less compensation allowed by law, to the Department monthly; and that the county receives a commission of one percent of the tax collected or two-hundred fifty dollars, whichever is greater, for the performance of this statutory duty.

Petitioner argues that despite this statutory scheme, and in addition to the commission provided by law, the County is entitled to keep the interest earned on the transfer tax under principles of quantum meruit. This argument is without merit.

The duties of the recorders of deeds are specified by statute. The statute specifically provides for the amount of compensation which the Commonwealth pays for the performance of these duties. Therefore, theories of implied contract are not applicable. Furthermore, an agent, unless authorized, may not use a principal's money for his own advantage. If he does so, the courts may order that the profits wrongfully earned by the agent be returned to the principal. *Buchanan v. Brentwood Federal Savings and Loan Association,* 457 Pa. 135, 320 A.2d 117 (1974).

Accordingly, the interest earned on the money collected on behalf of and belonging to the Commonwealth also belongs to the Commonwealth. Judgment shall be entered in favor of the Commonwealth.

## ORDER

AND NOW, March 25, 1986, judgment is entered in favor of the Commonwealth of Pennsylvania, Department of Revenue.